UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RAUL CANTU, JR.**
100 E. Main Street, Unit 218
Waukesha, WI  53186,

        Plaintiff,

vs.                            Case No. 19-CV-1003


**VENTURA FOODS, LLC,**
500 S. Prairie Avenue
Waukesha, WI  53186,

        Defendant.

---

## COMPLAINT

---

The plaintiff, Raul Cantu, Jr., by his attorney William R. Rettko, hereby alleges and shows to the Court as follows:

### NATURE OF THE ACTION

Plaintiff brings this action to secure his civil right to equal employment opportunities and to have the same terms, conditions and privileges of employment with the defendant as non-Hispanics and to seek redress for past and current violations and acts of retaliation of those rights in the form of backpay and lost benefits.

### JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and the Equal Employment Opportunity Commission's Notice of Right to Sue within ninety days; which is attached hereto as Exhibit 1 and incorporated as if set forth at length herein, and as authorized by 42 U.S.C. §§ 1981, 2000e-2, 2000e-3 and the Fourteenth Amendment of the United States Constitution.

## PARTIES

1.     The plaintiff, Raul Cantu, Jr., is a Hispanic adult resident of the State of Wisconsin living at 100 E. Main Street, Unit 218 in Waukesha, Wisconsin 53186, and was employed by Ventura Foods, LLC from 2006 through July 16, 2018.

2.     The plaintiff, Raul Cantu, Jr., (hereinafter "Plaintiff"), filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and has received a Notice of Right to Sue dated June 10, 2019 which is attached hereto as Exhibit 1.

3.     The defendant, Ventura Foods, LLC (hereinafter "Defendant"), is a corporation who upon information and belief is incorporated under the laws of the State of California with a location at 500 S. Prairie Avenue, Waukesha, Wisconsin 53186 and who is licensed to do business within the State of Wisconsin and was at all material times hereto the employer of Plaintiff.

## STATEMENT OF CLAIMS

4.     Starting in 2006, Plaintiff was hired by Defendant as an Inventory Control Supervisor/Accountant Program Supervisor at its Waukesha, Wisconsin facility.

5.     In March 2018, Plaintiff filed a claim of discrimination against Defendant with the EEOC, as he had applied for a promotion to fill an open manufacturing manager position, but was never provided an interview, a matter that was mediated to a Mediation Settlement Agreement with the EEOC on June 26, 2018 that required defendant to return one vacation day to Plaintiff, to make reasonable efforts to recruit qualified minority applicants for openings at its Waukesha facility, and to reimburse Plaintiff up to $1500 for training/seminar expenses while being employed with Defendant.

6.     On June 1, 2018,  Plaintiff was notified of his annual performance review and for the first and only time in defendant's employ, he received a less than favorable evaluation receiving the rating of "DID NOT MEET EXPECTATIONS."

7.     Also, on June 1, 2018, Plaintiff was notified that he was being changed from a salary employee (a status he had held since April 1, 2014) to an hourly employee.

8.     Despite being changed to an hourly employee, Plaintiff's job duties of supervision remained unchanged as he still supervised three employees (one of which worked a combination of second and third shift), set their schedules, approved their vacation requests, was responsible for any warning or disciplinary action involving the three, coached and trained all three employees he supervised, and continued with performance of high level accounting and analysis work.

9.     After plaintiff was changed to an hourly employee, in addition to his prior duties, he was required to fulfill additional duties to include: attending the "Daily Operations Review" meeting which generally lasted about one hour each day; to enter three accounts payable batches which amount to at least 75 invoices each per week into the computer system which is something normally assigned to entry level clerks; to complete human and food safety walks around the plant which could also last up to an hour; to spend time with each of his cycle counters while they were performing their jobs although one of the three worked a combination of second and third shift while plaintiff was first shift; write a standard operating procedure for inventory accounting under the new JDE system; track finished goods location counts by day; work on identifying obsolete inventory; audit inventory counts; and improve the daily reconciliation and adjustment of inventory usage in cooperation with the production controllers department.

10.     In addition to his required duties of supervision and the additional duties added after becoming hourly, Plaintiff also remained responsible for the daily manufacturing accounting process, accurately recording inventory transactions for scrap and usage adjustments, answering calls and emails about inventory, assigning cycle count requests to one of his cycle counters, doing end of the month journal entries, completing monthly scrap and other month end reports, while also monitoring the inventory at outside storage facilities.

11.     Despite the added job duties together with his pre-existing duties and responsibilities, Plaintiff was then told by his manager on June 18, 2018 that he would not be allowed to work overtime and was expected to complete his assigned duties within the 40-hour work week.

12.     On July 16, 2018, Plaintiff was told by his manager that being an hourly employee, he was required to take a full lunch break instead of working through lunch to complete his assigned tasks.

13.     Plaintiff then checked into whether other hourly workers were allowed to work overtime and doing so found an hourly white/female also assigned to the Finance Department was allowed to work overtime.

14.     Plaintiff also discovered that an Accounts Payable Clerk (white/female), Human Resources Assistant (white/female), and a QA Auditor (white-male) were all allowed and had been allowed for months to work through lunch or take an abbreviated lunch break, and none had ever been harassed in the same manner as Plaintiff was on July 16, 2018.

15.     As a result on July 16, 2018 after having been berated by his manager and being ordered not to take short lunch breaks even though having been changed to an hourly assignment, having a multitude of additional duties added to his job, and having already been prevented from working overtime to do his job, Plaintiff was constructively discharged as the retaliatory actions made it apparent to him he was being set up to fail and the stress level had become unbearable as he had already suffered a stroke in May 2017.

<u>FIRST CAUSE OF ACTION</u>
<u>VIOLATION OF 42 U.S.C. § 2000e-2</u>

16.     Reallege and incorporate herein by reference paragraphs 1 through 15 of this Complaint as if set forth at length herein.

17.     Defendant prohibited Plaintiff who is a Hispanic from working overtime and from working through lunch break and/or taking an abbreviated lunch break to complete his work

although allowing non-Hispanic hourly employees to work overtime and to work through lunch break and/or take abbreviated lunch breaks.

18.     The Defendant's action to prohibit Plaintiff from working overtime and from working through lunch break and/or taking an abbreviated lunch break denied him as a Hispanic equal employment opportunity and unfairly treated him as Defendant had a pattern and practice of treating non-Hispanics more favorably in that Defendant has no Hispanics in upper management positions at its Waukesha facility and a general hostile work environment in which Plaintiff was referred to as a "bean counter" while other Hispanics were referred to as "beaners".

19.     As a result of Defendant's actions to deny Plaintiff who is Hispanic equal employment opportunities, Plaintiff has suffered compensatory damages including loss of wages, loss of benefits, emotional distress, loss of reputation, mental anguish, loss of future wages and benefits, attorney fees and other expenses as allowed for by law.

20.     The Defendant's combined actions in depriving Plaintiff who is a Hispanic, equal employment opportunities, as a result of his race/national origin pursuant to 42 U.S.C. § 2000e-2 and based upon deliberate and reckless indifference to allow for this unequal employment treatment to occur entitles Plaintiff to punitive damages as assessed by a jury.

SECOND CAUSE OF ACTION -- VIOLATION OF 42 U.S.C. § 1981

21.     Reallege and incorporate herein by reference paragraphs 1 through 20 of this Complaint as if set forth at length herein.

22.     The Defendant's actions to prohibit Plaintiff from working overtime and from working through lunch break and/or take an abbreviated lunch break denied him as a Hispanic equal employment opportunity and unfairly treated him as Defendant had a pattern and practice of treating non-Hispanics more favorably in that Defendant has no Hispanics in upper management positions at its Waukesha facility and a general hostile work environment in which Plaintiff was referred to as a "bean counter" while other Hispanics were referred to as "beaners", all of which

deprived Plaintiff the full and equal benefit of all laws to enforce the terms and conditions of his employment based on his race with the Defendant and to receive and enjoy all of the benefits and privileges of his contractual relationship with Defendant.

23.     As a direct and proximate cause of Defendant's actions to prohibit Plaintiff from working overtime and from working through lunch break and/or take an abbreviated lunch break while treating non-Hispanics in a more favorable manner by allowing them to work overtime and to work through lunch break and/or take an abbreviated lunch break caused Plaintiff to suffer compensatory damages, including but not limited to, loss of back wages, loss of future wages, mental anguish, loss of reputation, attorney fees and other expenses as allowed by law.

24.     The Defendant's reckless indifference and intentional discrimination against plaintiff who is Hispanic and to intentionally fail to remedy or prevent equal employment opportunities for Plaintiff based on his race entitles him to punitive damages.

<u>THIRD CASUE OF ACTION - VIOLATION OF</u>
<u>42 U.S.C. § 2000e-3 RETALIATION</u>

25.      Reallege and incorporate herein by reference paragraphs 1 through 24 of this Complaint as if set forth at length herein.

26.     The Defendant retaliated against Plaintiff after he had filed his claim with the Equal Employment Opportunity Commission in March 2018 by changing him from a salary employee to an hourly employee although keeping him a supervisor role and adding multiple extra duties to his workload, by providing him with his first and only negative evaluation, preventing him from working overtime and then preventing him from working through lunch break and/or taking an abbreviated lunch break to complete his assigned duties all of which was for the purpose of ensuring that Plaintiff could not succeed in properly performing his tasks all of which caused Plaintiff undue stress all of which resulted in Plaintiff's constructive discharge on July 16, 2018.

27.     Had Plaintiff not engaged in protected activity under 42 U.S.C. § 2000e-2, Defendant would not have retaliated against him, as it was his claim with the EEOC in March 2018 that was the

substantial and motivating factor to create the hostile stressful work environment setting Plaintiff up for failure and resulting in his constructive discharge.

28.     As a result of the retaliation Plaintiff received from Defendant, he was constructively discharged and has suffered compensatory damages, including emotional distress and physical harm, loss of reputation, loss of past and future wages and benefits together with attorney fees as allowed by law.

29.     Defendant's actions in retaliating against Plaintiff, together with their deliberate and reckless indifference to Plaintiff's protected activity under 42 U.S.C. §2000e-3 entitles him to punitive damages as assessed by a jury.

<u>FOURTH CAUSE OF ACTION – 42 U.S.C. §1981 – RETALIATION</u>

30.     Reallege and incorporate herein by reference paragraphs 1 through 29 of this Complaint as if set forth at length herein.

31.     Defendant retaliated against Plaintiff after he had filed his claim with the Equal Employment Opportunity Commission in March 2018 by changing him from a salary employee to an hourly employee although keeping him in a supervisor role and adding multiple extra duties to his workload, by providing him with his first and only negative evaluation, preventing him from working overtime and then preventing him from working through lunch break and/or taking an abbreviated lunch break to complete his assigned duties all of which was for the purpose of ensuring that Plaintiff could not succeed in properly performing his tasks all of which caused Plaintiff undue stress resulting in his constructive discharge on July 16, 2018.

32.     Had Plaintiff not engaged in protected activity under 42 U.S.C. § 1981, Defendant would not have retaliated against him, as it was his claim with the EEOC in March 2018 that was the substantial and motivating factor to create the hostile stressful work environment setting Plaintiff up for failure and resulting in his constructive discharge.

33. As a result of the retaliation Plaintiff received from Defendant, he was constructively discharged and has suffered compensatory damages, including emotional distress and physical harm, loss of reputation, loss of past and future wages and benefits together with attorney fees as allowed by law.

34. Defendant's actions in retaliating against Plaintiff, together with their deliberate and reckless indifference to Plaintiff's protected activity under 42 U.C.S. §1981 entitles him to punitive damages as assessed by a jury.

WHEREFORE, the Plaintiff Raul Cantu, Jr., respectfully requests that this Court:

A.     Assume jurisdiction over this case;

B.     Declare that Defendant's actions have caused Plaintiff to suffer a loss of equal employment opportunities because he is Hispanic in violation of 42 U.S.C. § 2000e-2;

C.     Declare that Defendant's actions prevented Plaintiff full and equal benefits of all laws of the United States of America to be free from discrimination based on his race/national origin (Hispanic) in violation of 42 U.S.C. § 1981 and the Fourteenth Amendment;

D.     Declare that Defendant's action of retaliation caused Plaintiff to suffer a constructive discharge and a loss of equal employment opportunities because he is Hispanic in violation of 42 U.S.C. §2000e-3;

E.     Declare that Defendant's actions while acting under the color of law caused an unlawful employment practice against Plaintiff by their actions of retaliation for Plaintiff's protected activity under 42 U.S.C. §1981 and the Fourteenth Amendment;

F.     Award Plaintiff compensatory damages including emotional distress and physical harm, loss of reputation, and loss of past and future wages and benefits against the Defendant in an amount to be determined by the trier of fact;

G.     Award Plaintiff punitive damages against Defendant in an amount to be determined by a trier of fact on the ground that Defendant's conduct complained of herein was done

knowingly, willfully and in bad faith in violation of Plaintiff's right to be free from discrimination on race/national origin based on the fact he is Hispanic;

H.   To grant Plaintiff loss of past and future wages, together with his costs, disbursements and attorney fees in bringing this action; and

I.   Grant such further relief as the Court deems just and necessary.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted, this 15th day of July, 2019.

**RETTKO LAW OFFICES, S.C.**
Counsel for Plaintiff
s/William R. Rettko
State Bar No. 1002608
15460 W. Capitol Drive, Suite 150
Brookfield, WI  53005
(262) 783-7200
Email: bill@rettkolaw.com